IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID N. FLYNN PLAINTIFF

v. CASE NO. 3:11-CV-3018

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A).

**I. Procedural Background:**

The plaintiff filed her applications for DIB on October 15, 2008, alleging an onset date of October 9, 2008, due to plaintiff's fibromyalgia, high blood pressure, and neck and shoulder pain (Tr. 137-145, 179). Plaintiff's application was denied initially and on reconsideration .(Tr. 82-84, 89-93). Plaintiff then requested an administrative hearing, which was held on December 15, 2009. Plaintiff was present and represented by counsel.

The ALJ issued a partially unfavorable decision on February 10, 2010 (Tr. 68-78). The ALJ found that since October 9, 2009, the alleged onset date, Plaintiff's fibromyalgia was a severe impairment (Tr. 70 - Finding 3); that Plaintiff did not have an impairment that met a listing for presumptive disability (Tr. 72 - Finding 4); and that Plaintiff had the residual

functional capacity to perform sedentary work with limitations (Tr. 72-73 - Finding 5).

The ALJ also found that at the time of Plaintiff's alleged onset date, he was a younger individual of age 45-49, and that on July 10, 2009, his age category changed to an individual closely approaching advanced age (Tr. 76 - Finding 7). Relying on vocational expert testimony, the ALJ further found that prior to July 10, 2009, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the Plaintiff could have performed; that beginning on July 10, 2009, the date Plaintiff's age category changed, considering Plaintiff's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed (Tr. 76-77 - Findings 10-12). As a result, the ALJ found that Plaintiff was not disabled prior to July 10,2009, but became disabled on that date and has continued to be disabled through the date of this decision (Tr. 78 - Finding 12). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review (Tr. 1-3).

The Plaintiff argues that the ALJ erred in A) his evaluation of his Subjective Complaints (ECF No. 8, p. 12); B) in dismissing the opinion of Dr. Smith (Id., p. 14); C) in his application of the Plaintiff age to the Guidelines (Id., p. 18) and D) that the ALJ's dedision is not supported by substantial evidence (Id., p. 20).

**II. Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find

it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III. Discussion**:

The ALJ determined that the Plaintiff had the RFC to perform sedentary work with certain restrictions. (T. 72-73). Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary when carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a) and 416.967(a)

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the

assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing Lauer v. Apfel, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

**A. Subjective Complaints.**

The Plaintiff first contends that the ALJ erred in his evaluation of his subjective complaints.

The ALJ found that the Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, the Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above RFC (T. 73).

"If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination." Gregg v. Barnhart, 354 F.3d at 714 (Iowa, 2003); *Human v. Barnhart*, 2006 WL 2422182, 3 (D.Kan.) (D.Kan.,2006)

The ALJ must consider several factors when evaluating a claimant's subjective complaints of pain, including claimant's prior work record, observations by third parties, and observations of treating and examining physicians relating to 1) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. Casey, 503 F.3d at 695 (8th Cir.2007) (*citing Polaski v. Heckler*, 729 F.2d 1320, 1322 (8th Cir.1984). The ALJ may discount subjective complaints when they are inconsistent with the evidence as a whole. Id. (*citing Polaski*, 739 F.2d at 1322). “The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered.” *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir.2004).

The ALJ first notes that the Plaintiff's work record "supports a finding that the claimant's surgeries in 1980 and 1983 resolved the conditions treated at that time. (T. 73; T 186-193). The ALJ noted that Plaintiff stated he had cervical fusion in 1983, but that the evidence showed he worked through 2008 as a press operator, machinist, and parts fabricator, all jobs which were performed at the medium to heavy exertional level (Tr. 73). *See Gowell v. Apfel*, 242 F.3d 793, 798 (8th Cir. 2001) (affirming the ALJ’s evaluation, the court noted that plaintiff had worked for years with her impairments).

The ALJ also noted that Dr. Abraham observed that the Plaintiff was "able to take care of himself, can drive, can walk about a mile, keeps house, cooks, and runs household errands. (T. 75; T. 309). This is generally consistent with what the Plaintiff reported on his Function Report in November 2008 (T. 196-203). Such activities are inconsistent with disabling pain. *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (ability to care for one child, occasionally drive, and

sometimes go to the store); *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996) (ability to visit neighbors, cook, do laundry, and attend church); *Novotny v. Chater*, 72 F.3d at 671 (ability to carry out garbage, carry grocery bags, and drive); *Johnston v. Shalala*, 42 F.3d 448, 451 (8th Cir. 1994) (claimant's ability to read, watch television, and drive indicated his pain did not interfere with his ability to concentrate).

The ALJ noted that the Plaintiff was prescribed ultram ER 100 mg po qd prn on April 3, 2008 (T. 284). Ultram ER (tramadol) is a narcotic-like pain reliever and is used to treat moderate to severe pain. The 100 mg dosage is the smallest of three dosages. The Plaintiff represented that he was still on this medication in February 2009 when he was seen by Dr. Abraham (T. 309) but when the Plaintiff appeared for his Mental Diagnostic Evaluation in April 2009 he did not list any pain medication. However, when he testified before the ALJ he did indicate he was taking his narcotic pain medication. (T. 33). Regardless there is no evidence that the pain medication was ever increased. "The ALJ may properly consider both the claimant's willingness to submit to treatment and the type of medication prescribed in order to determine the sincerity of the claimant's allegations of pain." *Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir.1991) (citations omitted); *Gray v. Apfel* 192 F.3d 799, 804 (C.A.8 (S.D.),1999)

The ALJ also noted that Plaintiff's examination by Dr. Sakr in April 2008 showed that his straight leg raising test was within normal limits; carpal tunnel syndrome tests results were negative; and lower back test results for rheumatoid arthritis were negative (Tr. 74). The ALJ further noted that Plaintiff had no swollen or tender peripheral joints, which all showed fair range of motion; he had fair curl and grip strength in both hands; and he had normal muscle strength (Tr. 74). These findings were confirmed by Dr. Abraham in February 2009 when the only

limitations he found present in the Plaintiff was a slight limitation in the Plaintiff's cervical and lumbar spine (T. 311). *See Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006) (the absence of an objective medical basis which supports the degree of severity of subjective complaints is just one factor to be considered).

Therefore, although it is clear that plaintiff suffers from some degree of impairment, he has not established that he was unable to engage in any and all gainful activity. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability); *Woolf v. Shalala*, 3 F.3d at 1213 (holding that, although plaintiff did have degenerative disease of the lumbar spine, the evidence did not support a finding of disabled). Neither the medical evidence nor the reports concerning his daily activities supports plaintiff's contention of total disability. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that plaintiff's subjective complaints were not totally credible.

**B. Opinion of Dr. Smith**

The Plaintiff next contends that the ALJ improperly discounted the opinion of Dr. Vann Smith. (ECF No. 8, p. 14).

Based on a single consultative examination, Dr. Smith found that Plaintiff had abnormal findings consistent with traumatic brain insult and "dysregulation of key central neurochemistry," rendering Plaintiff "disabled at this time" (Tr. 317). Notably, an opinion of disability is reserved for the Commissioner. 20 C.F.R. § 404.1527(e). It is the ALJ's job to reach a decision as to the claimant's legal disability by evaluating the objective medical evidence before him. *Cox v. Barnhart,* 345 F.3d 606, 608 (C.A.8 (Ark.),2003)

A consulting physician's opinion deserves no special weight. *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007). Notably, Dr. Smith documented that Plaintiff "was referred by his attorney, for [a] formal neuropsychodiagnostic evaluation in support of an ongoing application for Social Security Disability benefits" (Tr. 315). The record shows that Dr. Smith conducted a single examination of Plaintiff, and the only time he saw Plaintiff was during the evaluation. As such, his opinion deserved no special weight. *See Hilkemeyer v. Barnhart*, 380 F.3d 441, 446 (8th Cir. 2004) (ALJ properly rejected diagnoses of mental health examiners who conducted a single examination of plaintiff and whose conclusions seemed to based solely upon plaintiff's subjective complaints).

Dr. Smith's opinion is contraindicated by the opinion of Dr. Boyd who found that the Plaintiff did "not have significant memory deficits" (T. 333), and he was diagnosed with no mental impairments and had a GAF score of 61-70. (Id.). Dr. Boyd's opinion was verified by Dr. Kay Cogbill (T. 339) in April 2009.

The Plaintiff also failed to list any cognitive defects as a basis for his disability in his initial application for benefits. (T. 179). The fact that the plaintiff did not allege any cognitive deficit as a basis for his disability in his application for disability benefits is significant, even if the evidence of such was later developed. See *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir.1993); *Dunahoo v. Apfel*, 241, F. 3d 1033, 1039 (8th Cir. 2001).

The court finds that the ALJ properly discounted the opinion of Dr. Smith.

**C. Age classification as applied to the Grid.**

The Plaintiff next contends that the ALJ erred in finding that the Plaintiff only "Grids In" under the Medical-Vocational Guidelines as of his 50th birthday. (ECF No. 8, p. 18).

On July 10, 2009, Plaintiff turned fifty years of age, and his age category changed for purposes of the Medical-Vocational Guidelines (Grids) (Tr. 77). Prior to July 10, 2009, the Grids classified Plaintiff as a "younger individual." See 20 C.F.R. § 404.1563(c); pt. 404, subpt. P, app. 2, § 200.00(h)(1) (term "younger individual" is used to denote an individual age 18 through 49). After July 10, 2009, the regulations classified Plaintiff as a "person closely approaching advanced age," for purposes of the Grids. 20 C.F.R. § 404.1563(d); pt. 404, subpt. P, app. 2, § 200.00(g).

Rather than relying on the Grids, the ALJ relied on vocational expert testimony to determine whether prior to July 10, 2009, Plaintiff was able to perform any work existing in significant numbers in the national economy (Tr. 50-51). Therefore, Plaintiff's allegation that the ALJ mechanically applied the Grid rule for a "person closely approaching advanced age" to find him not disabled prior to July 10, 2009, is without merit.

**D. Substantial Evidence**

The Plaintiff finally contends that the ALJ's decision is not supported by the record as a whole. (ECF No. 8, p. 20)

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A RFC Assessment was performed by Dr. Bill F. Payne on November 13, 2008. (T. 300-307). Dr. Payne had the medical records from the Plaintiff's treating physicians. Dr. Payne found the Plaintiff could lift 50 pounds occasionally and 25 pounds frequently. He could stand and/or walk and sit for about 6 hours in an 8 hour work day and had unlimited ability to push and/or pull. (T. 301). He found no postural limitations (T. 302), no manipulative limitations or visual limitations (T. 303), and no communication or environmental limitations (T. 304). Dr. Payne's opinions were reviewed and confirmed by Dr. Lucy Sauer on March 11, 2009 (T. 329). A consultive physical examination was performed by Dr. Abraham on March 2, 2009 which found that the Plaintiff could move all of his Extremities within normal limits. There was some slight restriction in the Plaintiff's Cervical and Lumbar Spine (T. 311). The Straight-Leg test was negative, no neurological deficits were noted in the Plaintiff's muscles and he had no deficits in his grip. (T. 312). These findings were consistent with the Plaintiff's own treating physician in April 2008. (T. 283-284).

The ALJ made allowances in his RFC assessment for the Plaintiff's Fibromyalgia and the medication that the Plaintiff took to manage his pain.

**V. Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated this 20th day of June 2012.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE